UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA


MICHAEL SCOTT WORMUTH,       :  **CIVIL NO. 1:10-CV-01818**
                                  :
                Petitioner   :  (Chief Judge Kane)
      v.                 :
                                    :  (Magistrate Judge Smyser)
JANIE DONATIE, WARDEN,       :
                                  :
                Respondent   :


## **REPORT AND RECOMMENDATION**


On August 30, 2010, the petitioner filed a petition for a writ of habeas corpus. On September 7, 2010, the petitioner filed a supplement to his petition. We conclude that the petition should be dismissed.


The petitioner alleges that on August 12, 2010, while he was on house arrest, a county worker came to his home, showed him a warrant for failure to appear from the State of New Jersey and arrested him. He alleges that he was taken to the Lackawanna County Prison for New Jersey to pick him up. The petitioner alleges that he has not been afforded a hearing to challenge the warrant, that he has not been given bail and that extradition proceedings have not been sought by the Commonwealth. He alleges that on August 20, 2010 he filed a state petition for a writ of habeas corpus but that he has received no response. He alleges

that on September 3, 2010, his house arrest/probation was revoked.

The petitioner claims that his due process rights are being violated. The exact nature of the petitioner's claims, however, are not clear. At some points, he refers to extradition and appears to be claiming that the has not been provided with due process in connection with the extradition process. At other points, he refers to the revocation of house arrest/probation and he appears to be claiming that he has not been provided due process in connection with the revocation of his house arrest/probation. Regardless of the precise nature of the petitioner's claims, it is clear that the petitioner has not exhausted state remedies and that, therefore, the petition should be dismissed.

If the petitioner is challenging the revocation of house arrest/probation after a conviction, his petition is in the nature of a petition pursuant to 28 U.S.C. § 2254. Exhaustion of state remedies is required by statute in § 2254 cases. *See* 28 U.S.C. § 2254(b). If the petitioner is challenging the extradition process, his petition is in the nature of a petition pursuant to 28 U.S.C. § 2241. An exhaustion requirement in the § 2241 pre-trial context has developed through decisional law.

*Moore v. DeYoung*, 515 F.2d 437, 442 (3d Cir. 1975). "[A]lthough there is a distinction in the statutory language of §§ 2254 and 2241, there is no distinction insofar as the exhaustion requirement is concerned." *Id.*

The exhaustion requirement serves the interests of comity between the federal and state systems by allowing the state an initial opportunity to determine and correct any violations of a prisoner's federal rights. *O'Sullivan v. Boerckel*, 526 U.S. 838, 844 (1999). A habeas corpus petitioner bears the burden of demonstrating that he has exhausted state remedies. *O'Halloran v Ryan*, 835 F.2d 506, 508 (3d Cir. 1987). In order to exhaust state remedies for federal habeas corpus purposes, a petitioner must show that he has fairly presented his claim to the state courts. *Picard v. Connor*, 404 U.S. 270, 278 (1971). To be fairly presented to the state courts both the legal theory and the facts supporting the claim must have been presented to the state courts. *O'Halloran*, *supra,* 835 F.2d at 508. Further, "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan, supra,* 526 U.S. at 845.

Given the petitioner's allegations, it is clear that he has not exhausted states remedies. He alleges that he filed a state petition for a writ of habeas corpus on August 20, 2010 but that he has not received a response. He alleges that that petition is still pending. Further, the petitioner has not alleged that he pursued a direct appeal of the revocation of his house arrest/probation. Given that the petitioner alleges that his house arrest/probation was revoked on September 3, 2010, it is clear that any such direct appeal could not be exhausted at this time.

The petitioner has not exhausted state remedies. Therefore, it is recommended that the petition for a writ of habeas corpus be dismissed without prejudice and that the case file be closed.


*/s/ J. Andrew Smyser*
J. Andrew Smyser
Magistrate Judge


Dated:  September 8, 2010.