IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MICHAEL SCOTT WORMUTH, | : | |
| Petitioner | : | Civil Action No. 1:10-cv-01818 |
| v. | : | (Chief Judge Kane) |
| WARDEN JANIE DONATIE, | : | (Magistrate Judge Smyser) |
| Respondent | : | |

## MEMORANDUM ORDER

Pending before the Court is Magistrate Judge Smyser's report and recommendation (Doc. No. 3), and Petitioner Michael Scott Wormuth's objection thereto (Doc. No. 5). In his report, Judge Smyser finds that Petitioner's petition for a writ of habeas corpus is not ripe for disposition because he has failed to exhaust state remedies. The petition has been given preliminary consideration pursuant to Rule 4 of the Rules Governing Section 2254 Cases, as it is the duty of the Court to screen out frivolous applications and eliminate the burden that would be placed on the respondent by ordering an unnecessary answer.[1] For the reasons that follow, the Court agrees that Petitioner's habeas corpus petition is not ripe for disposition.

On August 12, 2010, while under house arrest, Petitioner was served with a warrant for failure to appear in New Jersey. (Doc. No. 1.) Petitioner was taken into custody and is being

---

[1] Pursuant to Rule 4 of the Rules Governing Section 2254 Cases, the district judge to whom the case is assigned is required to examine a habeas corpus petition to determine whether "it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court," and if so determined, "the judge must dismiss the petition and direct the clerk to notify the petitioner."

held at Lackawanna County Prison awaiting extradition to New Jersey. (Id.) Petitioner filed a state habeas corpus petition on August 20, 2010, which he contends has gone unanswered. (Doc. No. 5 at 2.) On August 30, 2010, Petitioner filed this *pro se* federal petition for a writ of habeas corpus. (Doc. No. 1.)

In his report, Judge Smyser notes that the nature of Petitioner's claims is unclear. (Doc. No. 3. at 2.) In his objection, Petitioner clarifies that the only matter he wishes to challenge is that both his due process rights and the rights afforded to him under the Pennsylvania Uniform Criminal Extradition Act ("UCEA"), 42 Pa. Cons. Stat. Ann. § 9121 et. seq. have been violated. (Doc. No. 5 at 1.) The Court finds that Petitioner's challenge is in the nature of a petition pursuant to 28 U.S.C. § 2254. According to section 2254, an application for a writ of habeas corpus shall not be granted unless it appears that the applicant has exhausted state remedies. 28 U.S.C.A. § 2254(b)(1)(A). An applicant has not exhausted state remedies "if he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C.A. § 2254(c). In order for a claim to be exhausted, the petitioner must show that it has been "'fairly presented' to the state courts 'by invoking one complete round of the State's established appellate review process.'" Carpenter v. Vaughn, 296 F.3d 138, 146 (3d Cir. 2002) (citations omitted). To be fairly presented to the state courts, both the legal theory and the facts on which a federal claim rests must have been presented to the state courts. Landano v. Rafferty, 897 F.2d 661, 669 (3d Cir. 1990).

In his objection, Petitioner claims that he has presented his habeas corpus claim to the state courts. (Doc. No. 5 at 1.) Because he has not yet received a reply, Petitioner contends that he has exhausted state remedies. (Id. at 2.) It is clear that this is not the case. According to the

2

UCEA, after a writ of habeas corpus is applied for in the state court, "notice thereof and of the time and place of hearing thereon is given to the prosecuting officer in the county in which the arrest is made and in which the accused is in custody and to the said agent of the demanding state." 42 Pa. Cons. Stat. Ann. § 9131. The UCEA does not provide for a specific time within which the court must schedule a hearing after a petition is filed, and it appears that such a hearing has not yet occurred.[2] Additionally, although the UCEA does not specifically grant the right to appeal the denial of a habeas corpus petition, it is clear from the case law that a timely appeal is available. See, e.g., In re Garcia, 984 A.2d 506, 508 (Pa. Super. Ct. 2009) ("The trial court denied Appellant's [habeas corpus] petition that same date, and Appellant filed a timely *pro se* appeal."). Thus, if Petitioner's state habeas corpus petition is denied, he has the opportunity to appeal that decision to the state courts.

Petitioner has clearly failed to exhaust state remedies as required by section 2254. Therefore, after carefully reviewing the Petitioner's objections, the Court finds that it will adopt Judge Smyser's report and recommendation.

**AND NOW**, this 6th day of December 2010, **IT IS HEREBY ORDERED THAT**:

1. Petitioner's objections to the report and recommendation (Doc. No. 5) are **OVERRULED**.

---

[2]The Court notes that under the UCEA, a total of ninety days is allowed in which to hold the accused in order to serve Petitioner with the demanding state's requisition papers and a Pennsylvania Governor's warrant. 42 Pa. Cons. Stat. Ann. §§ 9136, 9138. However, the Court need not address this issue as the proper procedure for seeking discharge after the expiration of the ninety day period is a state petition for writ of habeas corpus. See Com. ex rel. Goodroe v. Roth, 326 A.2d 886, 886 (Pa. Super. Ct. 1974) ("In the instant case, appellant was committed in excess of ninety days without the requisition papers from the demanding state being forwarded, thus entitling him to have the writ of habeas corpus issue as the remedy for illegal confinement under the Act.").

2. Magistrate Judge Smyser's report and recommendation (Doc. No. 3) is **ADOPTED**.

3. Petitioner's petition for a writ of habeas corpus (Doc. No. 1) is **DISMISSED** without prejudice.

4. The Clerk of Court is directed to close this case. No certificate of appealability will issue.

                                                S/ Yvette Kane
                                                Yvette Kane, Chief Judge
                                                United States District Court
                                                Middle District of Pennsylvania